White *v.* Schurer.

ISAIAH WHITE *v.* ELLEN SCHURER AND JASON WHITE.

BILLS AND NOTES. *Principal and Surety. Chancery Practice. Bills quia timet.* The Chancery Court cannot perpetually enjoin a judgment against the surety upon a note upon bill filed by the principal, against whom no judgment is had, on the ground that the surety is about to become good for his debts, which will entitle him to a judgment against the principal, should the debt be collected from the surety. This is too remote and improbable to justify the action of the Court, there being no complaint by the surety of the judgment against him.

Authority cited: 1 Story's Eq. Jur., §327.

FROM DEKALB.

Appeal from the Chancery Court, B. B. WASHBURN, Special Chancellor.

R. CANTRELL for White.

M. M. BRIEN for Schurer.

DEADERICK, J., delivered the opinion of the Court.

At the August Term, 1873, of the Chancery Court

of DeKalb county, the bill in this case was dismissed, upon motion, for want of equity upon its face, and complainant appealed to this Court.

The bill alleges that about February 27, 1862, complainant made a note, payable to defendant, Ellen, for $100, for which he was to have $100, which her agent promised to loan him, but which he never did receive. And that defendant, Jason, became his surety on said note. That on October 16, 1866, the defendant, Ellen, recovered a judgment on said note against Jason White, in the Circuit Court of DeKalb county, for $122 25 and costs; but no judgment was taken against complainant; that *fi. fa.* was issued in November, 1866, and returned *nulla bona;* that "said Jason is about to get good for his debts, and he fears that said debt will be collected from said Jason, and he will then take judgment against your orator, and force him to pay it."

That he is liable to be sued upon said note, as principal, and although he could defend successfully under the plea of the Statute of Limitations, he does not desire to be driven to make that defence.

Complainant prays that the note be delivered up to be cancelled; the judgment against Jason be perpetually enjoined, and for general relief.

The danger apprehended, that Jason may get good, pay the debt, and move for judgment over against complainant, does not seem, from any facts stated, to be imminent and impending. And we are of opinion, that it is too remote and improbable, to justify or

White *v.* Schurer.

require the interference of this Court, and there being no complaint by Jason, of the judgment against him, the Chancellor could not have granted the relief by perpetual injunction, sought by complainant.

A *surety* may invoke, by bill *quia timet,* the active aid of a Court of Chancery, to compel the creditor to exonerate him from liability, by paying the debt and becoming substituted to the creditor's securities; 1 Story's Equity, §327.

But we do not think that complainant can thus interfere in behalf of defendant, Jason, or that he can complain of the judgment against him, to which he has submitted without complaint.

Complainant upon his own showing has adequate and unembarrassed remedies at law against the claims if any, which may be set up by defendants, and we think the decree of the Chancellor dismissing the bill was correct, and affirm it.